UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RONALD HART,

     Plaintiff,

v.

SHAWN BREWER, et al.,

     Defendants.

_____/

Case No. 1:24-cv-13123

Hon. Thomas L. Ludington
United States District Judge

**OPINION AND ORDER DISMISSING PLAINTIFF'S COMPLAINT**

Plaintiff Ronald Hart is a Michigan prisoner incarcerated at the Central Michigan Correctional Facility in St. Louis, Michigan. He alleges that various Michigan Department of Corrections personnel's negligence allowed his daughter, Shikisha Monet Tidmore, to commit suicide while imprisoned at the Women's Huron Valley Correctional Facility in Ypsilanti, Michigan. As a result, Plaintiff seeks damages on behalf of his family. Because Plaintiff proceeds *in forma pauperis*, his *pro se* Complaint is subject to screening under the Prisoner Litigation Reform Act. Plaintiff's Complaint does not survive this screening. So Plaintiff's Complaint will be dismissed and, because no appeal can be taken in good faith, his ability to *proceed in forma pauperis* on appeal will be denied.

**I.**

On November 22, 2024, Plaintiff Ronald Hart filed a *pro se* complaint, alleging that in September of 2022, his daughter was found hanging in her segregation cell at Women's Huron Valley Correctional Facility in Ypsilanti, Michigan. ECF No. 1 at PageID.3. He alleges that Defendants—various Michigan Department of Corrections (MDOC) officials—were aware that his daughter was suffering from severe stress when she was placed in the cell. *Id*. But according

to Plaintiff, Defendants negligently failed to observe his daughter's actions and prevent her suicide. *Id.* So Plaintiff seeks "a total and independent investigation and award the family of the deceased fifty million dollars for pain and suffering." *Id.* at PageID.3–4.

On December 3, 2024, Plaintiff's application to proceed *in forma pauperis* (IFP) was granted. ECF No. 5. On June 17, 2025, Plaintiff, without seeking leave, filed an amended complaint elaborating on his allegations and adding more Defendants, but he did not modify the relief he seeks. *Compare* ECF No. 1 *with* ECF No. 6.

## II.

By proceeding IFP, Plaintiff's Complaint is subject to Prison Litigation Reform Act (PLRA) screening. The PLRA provides that courts should dismiss an IFP complaint before service if the complaint is frivolous, malicious, fails to state a claim, or seeks monetary relief from an immune defendant. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous if it lacks any arguable basis in law or fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). And a complaint fails to state a claim if, even when construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), it does not include "a short and plain statement of the claim" showing entitlement to relief and "a demand for the relief sought[.]" *See* FED. R. CIV. P. 8. Bare "labels and conclusions" or "naked assertions" are insufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–57, 679 (2007). Instead, the complaint must include sufficient factual allegations to push its claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

## III.

- 2 -

Plaintiff's Complaint fails to state a viable claim. A § 1983 claim is personal to the individual whose constitutional rights were allegedly violated. *Claybrook v. Birchwell*, 199 F.3d 350, 357 (6th Cir. 2000). To that end, § 1983 confers a cause of action upon the injured party alone. *Jaco v. Bloechle*, 739 F.2d 239, 241 (6th Cir. 1984) ("[T]he statute grants the cause of action 'to the injured party.'"). As a result, only the direct victim—or a duly authorized representative of her estate—may bring suit under § 1983. *See Garrett v. Belmont Cnty. Sheriff's Dep't*, 374 F. App'x 612, 615 (6th Cir. 2010); *Barber v. Overton*, 496 F.3d 449, 457–58 (6th Cir. 2007).

Here, Plaintiff cannot bring a § 1983 on behalf of himself and his family for the death of his daughter: They are not the injured party—Plaintiff's daughter was, and now her estate is. Importantly, the Complaint contains no allegations suggesting that Plaintiff is the legal representative of his daughter's estate under MICH. COMP. LAWS § 600.2922. *See generally* ECF No. 1. Nor does Plaintiff's Amended Complaint assert such allegations.[1] *See generally* ECF No. 6. Absent suing as the duly appointed representative of his daughter's estate under MICH. COMP. LAWS § 600.2922, *see Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 598–04 (6th Cir. 2006), Plaintiff may not proceed under § 1983 for his daughter's death. *Claybrook*, 199 F.3d at 357; *Chambers v. Sanders*, 63 F.4th 1092, 1100 (6th Cir. 2023); *Garrett*, 374 F. App'x at 615 (citing *Claybrook*, 199 F.3d at 357).

---

[1] Under Civil Rule 15(a), a "party may amend its pleading once" as of right within (1) "21 days after serving it," or (2) "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12 . . . whichever is earlier." Neither condition is satisfied here because Plaintiff filed the Amended Complaint nearly seven months after he filed his Complaint, and neither a responsive pleading nor a Civil Rule 12 motion has been filed. *Compare* ECF No. 1 *with* ECF No. 6. So Plaintiff needed to seek leave from this Court before filing the Amended Complaint. *See* FED. R. CIV. P. 15(2). Regardless, as noted, it does not rectify the hurdles preventing this lawsuit, so this improper filing issue is ultimately irrelevant.

For that reason, Plaintiff's Complaint, ECF No. 1, will be dismissed without prejudice.

**IV.**

Accordingly, it is **ORDERED** that Plaintiff's Complaint, ECF No. 1, is **DISMISSED WITHOUT PREJUDICE.**

Further, it is **ORDERED** that Plaintiff's ability to proceed *in forma pauperis* on appeal is **DENIED.**

**This is a final order and closes the above-captioned case.**

Dated: July 10, 2025                                    s/Thomas L. Ludington
                                                       THOMAS L. LUDINGTON
                                                       United States District Judge